694 So.2d 819 (1997)
Robert JONES, individually, and as father and next friend, and Miriam Jones, individually, and as mother and next friend of Robert Jones, a minor child, Appellants,
v.
The CITY OF CORAL SPRINGS, Appellee.
No. 96-2113.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Rehearing and Clarification Denied June 18, 1997.
David M. Shenkman of David M. Shenkman, P.A., Miami, for appellants.
E. Bruce Johnson and Christine M. Duignan of Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, for appellee.
KLEIN, Judge.
Plaintiff, who had come to a park in Coral Springs to shoot baskets, became involved in a game with five other teenagers. During the game one of the boys being guarded by plaintiff complained that plaintiff was fouling him, and after more complaints and about twenty minutes of play, the boy punched plaintiff in the face causing injuries which required surgery. The trial court disposed of plaintiff's claim against the City by a summary judgment and we affirm.
In Dennis v. City of Tampa, 581 So.2d 1345 (Fla. 2d DCA), rev. denied, 591 So.2d 181 (Fla.1991), plaintiff was walking on a path in a park used by walkers, joggers, and bicyclists. She was injured when a negligent bicyclist struck her and sued the City which *820 operated the park. Although the injury in the present case resulted from an intentional act, and the injury in Dennis resulted from a negligent one, we find Judge Altenbernd's opinion affirming a summary judgment for the city persuasive:
When the governmental subdivision sponsors or schedules an unusually dangerous activity at a park or has reason to anticipate a crowd so large that a private landowner would be obligated to provide supervision under like circumstances, the standard of care required of a governmental subdivision may create a jury question. On the other hand, typical recreational activity during low-use hours, without some additional risk factor, does not create a jury question concerning the governmental subdivision's standard of care. A case should not be submitted to a jury merely because an accident in a public park might have been prevented if more tax dollars had been spent on greater supervision. This analysis is not based on the defense of sovereign immunity, but rather on the scope of the standard of care owed by a governmental subdivision under any duty to supervise public facilities.
* * * * * *
We are convinced that no reasonable jury could find that the City is obligated to pay for supervision of park patrons engaged in typical recreational activities in order to prevent negligent conduct during low-use hours or in areas that are not expected to attract crowds. Although juries might reasonably disagree about the specific standard of care owing to children or adults at swimming pools and other premises expected to attract large crowds engaged in potentially dangerous activity, this case does not present such a circumstance.
Dennis, 581 So.2d at 1349-50. (footnotes omitted).
Although there had been two robberies and one simple battery in the park in a fifteen month period prior to this incident, they were not related to pickup basketball games. Injuries, resulting from intentional acts or negligence, are not out of the ordinary in sports like basketball, whether the games are supervised or not. We don't see how the city could have, or should be expected to have prevented this injury. Accordingly, on the authority of Dennis, we affirm the summary judgment.
GLICKSTEIN, J., and OFTEDAL, RICHARD L., Associate Judge, concur.